UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
(BROOKLYN)

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| SHEPHERD AVE. REALTY, INC. | ) | |
| | ) | **Case No. 1-16-42758-cec** |
| Debtor | ) | |
| | ) | |
| | ) | |
| BERNADINE JOHN, | ) | |
| | ) | |
| Movant. | ) | MOTION FOR RELIEF |
| | ) | FROM AUTOMATIC STAY |
| vs. | ) | |
| | ) | |
| SHEPARD AVE. REALTY, INC. | ) | |
| | ) | |
| Debtor | ) | |

Bernadine John, (hereafter referred to as John), hereby moves this Court pursuant to 11 U.S.C. §362(d)(1) and Fed.R.Bankr.Proc. Rules 4001 and 9014, for an Order modifying the automatic stay provisions of the United States Bankruptcy Code so that Bernadine John ("John") may proceed in state court to enforce her interests in real property located at 871 Shepherd Avenue, Brooklynb, New York which was improperly transferred to Debtor from Michael R. Telesford, who had no legal interest in the property. In support of this Motion, John states:

1.  John is a party in interest because she is currently in litigation in state court to establish her legal interest and rights in property to which Debtor contends it holds

1

both legal and equitable rights. *In re Comcoach Corp*, 698 F.2d 571, 573 (2nd Cir. 1983) (holding that a "real party in interest" is "the one who, under the applicable substantive law, has the legal right which is sought to be enforced or is the party entitled to bring suit.")

2. John, through her attorney, communicated in open court with Debtor's attorney during the default inquest calendar against Telesford on July 27, 2016 and September 7, 2016, respectively at least seven (7) days prior to the filing of this Motion, seeking to resolve the issues necessitating this Motion for Relief From Automatic Stay, and after genuine efforts to resolve, the parties have been unable to agree.

3. The Bankruptcy Code provides for relief from the automatic stay on motion by a party in interest "[f]or cause, including the lack of adequate protection of an interest in property of such party in interest." *See* 11 U.S.C. §362(d)(1). The bankruptcy court has broad discretionary authority to decide whether the automatic stay should be lifted to permit litigation to continue in another forum. *Musso v. Hirsch*, Nos. 08-cv-4735; 08-cv-4532, 2011 WL 4543225 (2011).

4. To establish a prima facie case in support of relief from the automatic stay for cause under §362(d)(1), the initial burden is with the moving party, John in this case. The bankruptcy court will consider some or all of the following factors when determining whether to grant the movant relief from the automatic stay:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy

case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of the harms.

*Musso v. Hirsch*, 2011 WL 4543225, at *6. Of course, not all of these factors are relevant in every case, and the court is under no obligation to give equal weight to each factor. *In re Taub*, 438 B.R. 39 (Bankr.E.D.N.Y. 2010). As this court stated in *In re Taub*, "[I]n deciding whether to lift a stay to allow a creditor to continue litigation in another forum, a bankruptcy court should consider the particular circumstances of the case and 'ascertain what is just to the claimants, the debtor and the estate. *In re Taub*, 438 B.R. at 45.

5. John filed a complaint on April 23, 2015, against a third party, Michael R. Telesford, captioned *Bernadine John v. Michael T. Telesford*, Index No. 5145/2015, New York Supreme Court, County of Kings. In that state court case, John seeks to invalidate the July 7, 2008 transfer of her real property, known as 781 Shepherd Ave., Brooklyn, New York 11208 (the "property"), to Telesford. The transfer should be invalidated because Telesford defrauded John and the agreement to transfer was fraudulently induced and is invalid. The Court granted John's motion for a default judgment ( see Exhibit "A"

attached herein but the case was marked off calendar since the Court had inadvertently omitted to specify a date within which to file a Note of Issue. Therefore, John filed a motion to restore the case to the default inquest calendar prior to the Debtor's bankruptcy petition. However, Debtor's attorney answered the calendar call as a non-party alerting the Court of its bankruptcy petition.

6. In addition, the agreement to transfer the property was based on Telesford's promise to make John's mortgage payments on the property which Telesford did not make, and never intended to make. The agreement to transfer the property, therefore, lacked consideration at the outset, and is void and unenforceable.

7. On November 5, 2015, during the pendency of the state court action, and after fraudulently inducing John to transfer the property to him, Telesford unlawfully transferred the property to Shepherd Ave. Realty, Inc., even though Telesford had no legal or equitable interest in the property. The property is now improperly listed as property of the bankruptcy estate.

8. Relief from the automatic stay to pursue and complete the pending state court litigation is proper for the following reasons: (1) The relief from the stay will allow the parties in the state court action to complete the resolution of all issues concerning the estate property and its proper status; (2) The state court action concerns only state law issues and the Debtor is not a party to the action; (3) The state court action has been pending for over one year and the parties are anxious to proceed with the resolution of

their dispute; (4) The interests of judicial economy and the expeditious and economical resolution of the litigation requires that relief from the automatic stay be permitted to allow the movant to proceed and finalize her claim; and (5) The detrimental impact of the automatic stay on the movant is far greater than relief from the automatic stay will be on the Debtor.

9. In light of the unusual and particular circumstances in this case, relief from the automatic stay pursuant to §362(d)(1) for cause is the proper and just outcome to allow the movant and Telesford to continue and resolve their state court litigation.

10. In addition, under the particular circumstances, John lacks adequate protection of her interest in the property which was wrongfully transferred to the Debtor by Telesford, who had no legal or equitable interest in the property at the time of the transfer. For this additional reason, movant seeks relief from the automatic stay.

WHEREFORE, for each of the foregoing reasons, Movant Bernadine John respectfully requests that this Court, after due notice and opportunity to be heard, issue and Order granting John's motion for relief from the automatic stay under §362(d)(1), and permit John to proceed in the Supreme Court of the State of New York, Kings County, to establish her legal rights to the real property in question which is improperly listed as estate property, and for any other further relief this Court deems is just and proper.

Date:        September 30, 2016

        Respectfully submitted:

By: *[signature: Victor M. Wilson]*
Victor M. Wilson, Esquire
1363 Eastern Parkway, Ste. 1
Brooklyn, New York 11233
Telephone:    (718) 773-7442
Facsimile:    (718) 773-8219
Email: vmwesq1@aol.com

Attorney for Movant Bernadine John

**Exhibit "A"**

At IAS Part _____ of the Supreme Court of the State of New York, Kings County, on the 12th day of November 2015

**PRESENT:** Hon. _Johnny Lee Baynes_, JSC

---

_BERNADINE JOHN_

                                                    *Plaintiff(s)*

- against -

_MICHAEL R. TELESFORD_

                                                    *Defendant(s)*

**DEFAULT JUDGEMENT ORDER**

Index No. _5145 / 2015_

---

The following papers numbered 1 to _____ read on this motion      **Numbered**

Notice of Motion - Order to Show Cause _____

and Affidavits (Affirmations) _____

**ORDERED** that :

Plaintiff / Defendants _BERNADINE JOHN_ Motion for default Judgement
against _MICHAEL R. TELESFORD_ is **Granted**; and it is further,

**ORDERED** that :

☐ A Note of Issue is to be filed within thirty (30) days from the signing of this order.

☐ An Inquest and assessment of damages is scheduled for _____

☒ Inquest to be held at the time of trial _June 2, 2016_

☐ The action of the defaulting party(ies) is severed.

A copy of this order must be served on all sides within fifteen (15) days of the notice of entry.

                                                     **E N T E R**

                                                _____
                                         **HON. JOHNNY LEE BAYNES**
                                                        **JSC**

*09/05/05 - TTS*